# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS, INC., | : : : | CIVIL ACTION FILE |
| Plaintiff, | : : | NO.: 1:10-CV-02541-HTW |
| v. | : : | |
| CABOT PROPERTY SERVICES, LLC, CABOT INVESTMENT PROPERTIES, LLC, | : : : : | |
| Defendants. | : : | |

## AFFIRMATIVE DEFENSES, ANSWER AND COUNTERCLAIM

COME NOW Defendants Cabot Property Services, LLC ("CPS"), Cabot Investment Properties, LLC ("CIP") (sometimes collectively "Defendants")[1] and file this their Affirmative Defenses, Answer and Counterclaim, and respectfully show this Honorable Court as follows:

---

[1] While the Complaint makes reference to Cabot East Town, LLC, the Court dismissed Cabot East Town, LLC as a party via its December 21, 2011 Order.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted, and, therefore, must be dismissed.

### SECOND DEFENSE

Plaintiffs' claims are or may be barred by the doctrines of waiver, laches, estoppel, and acquiescence.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### FOURTH DEFENSE

Plaintiffs' claims are barred because Defendants acted lawfully and in good faith at all times relevant hereto.

### FIFTH DEFENSE

Plaintiffs' claims are barred as a result of a total or partial failure of consideration.

### SIXTH DEFENSE

Plaintiffs' claims are barred because any injuries they claim were the result of intervening causes.

**SEVENTH DEFENSE**

As the evidence may show, Plaintiffs' claims are or may be barred by the applicable statute of limitations and/or repose, and, if so, must be dismissed.

**EIGHTH DEFENSE**

Plaintiff failed to mitigate its alleged injuries, the existence of which the Defendants deny, and in fact Plaintiffs' action caused any injuries of which it may complain.

**NINTH DEFENSE**

The Defendants reserve the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

**TENTH DEFENSE**

Plaintiff's Complaint as the result of a previous settlement between the parties, albeit not the one alleged by Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

**TWELFTH DEFENSE**

For this twelfth defense, and without waiver of their affirmative and other defenses which are incorporated herein by reference, Defendants respond to the individually numbered Paragraphs in Plaintiff's Complaint as follows:

# ANSWER

1.

Defendants deny the allegations contained in paragraph 1 of the Complaint as stated.

2.

Defendants lack sufficient information upon which to form a belief as to the veracity of the allegations contained in paragraph 2 of the Complaint. Those allegations are therefore denied.

3.

Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Complaint except that they admit that CIP wholly owns CPS and that CIP is a Massachusetts limited liability company.

6.

Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.

The Defendants admit the allegations contained in paragraph 7 of the

Complaint.

8.

Defendants show that no response to the allegations of paragraph 8 of the Complaint is required from them. To the extent that Plaintiff alleges and the Court determines that a response is required, Defendants deny these allegations. See footnote 1.

9.

Defendants show that no response to the allegations of paragraph 9 of the Complaint is required from them. To the extent that Plaintiff alleges and the Court determines that a response is required, Defendants deny these allegations. See footnote 1.

10.

Defendants show that no response to the allegations of paragraph 10 of the Complaint is required from them. To the extent that Plaintiff alleges and the Court determines that a response is required, Defendants deny these allegations. See footnote 1.

11.

Defendants admit that this Court has subject matter jurisdiction over this action.

12.

Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.

Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Complaint, as stated.

15.

Defendants show that the agreements referenced in paragraph 15 of the Complaint speak for themselves and are the best evidence of their contents.  To the extent that Plaintiff attempts to characterize the content or import of those agreements, Defendants deny the same.

16.

Defendants show that the agreement referenced in paragraph 16 of the Complaint speaks for itself and is the best evidence of its contents.  To the extent that Plaintiff attempts to characterize the content or import of this agreement, Defendants deny the same.

17.

Defendants show that the agreements referenced in paragraph 17 of the Complaint speak for themselves and are the best evidence of their contents.  To the extent that Plaintiff attempts to characterize the content or import of those agreements, Defendants deny the same.  See footnote 1.

18.

Defendants show that the agreements referenced in paragraph 18 of the Complaint speak for themselves and are the best evidence of their contents.  To the extent that Plaintiff attempts to characterize the content or import of those agreements, Defendants deny the same.

19.

Defendants show that the agreements referenced in paragraph 19 of the Complaint speak for themselves and are the best evidence of their contents.  To the extent that Plaintiff attempts to characterize the content or import of those agreements, Defendants deny the same.

20.

Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.

Defendants deny the allegations as stated contained in paragraph 21 of the Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.

Defendants deny the allegations as stated contained in paragraph 25 of the Complaint.

26.

Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.

Defendants deny the allegations contained in paragraph 32 of the Complaint as stated except that they admit that CPS made the payments to LaSalle identified in the schedule contained in paragraph 32 of the Complaint.

33.

Defendants admit the allegations contained in paragraph 33 of the Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.

Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.

Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.

Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.

Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.

Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.

Defendants show that no response to the allegations of paragraph 41 of the Complaint is required of them.  To the extent that Plaintiff alleges and the Court determines that a response is required, Defendants deny these allegations.

42.

Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.

Defendants deny the allegations contained in paragraph 43 of the Complaint.

## COUNT I

44.

Defendants repeat and reallege paragraphs 1 through 43 of this Counterclaim as if fully set forth herein.

45.

Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.

Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.

Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.

Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.

Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in paragraph 50 of the Complaint.

## **COUNT II**

51.

Defendants repeat and reallege paragraphs 1 through 50 of this Counterclaim as if fully set forth herein.

52.

Defendants admit the allegations contained in paragraph 52 of the Complaint.

53.

Defendants show that the agreements referenced in paragraph 53 of the Complaint speak for themselves and are the best evidence of their contents. To the extent that Plaintiff attempts to characterize the content or import of those agreements, Defendants deny the same.

54.

Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.

Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.

Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.

Defendants deny the allegations contained in paragraph 57 of the Complaint.

## COUNT III[2]

58.

Defendants repeat and reallege paragraphs 1 through 57 of this Counterclaim as if fully set forth herein.  See footnote 2.

59.

Defendants deny the allegations contained in paragraph 59 of the Complaint as stated. See footnote 2.

60.

Defendants show that the agreements referenced in paragraph 60 of the Complaint speak for themselves and are the best evidence of their contents.  To the extent that Plaintiff attempts to characterize the content or import of those

---

[2] The Court's December 21, 2011 Order dismisses Count III of the Complaint.  Defendants respond herein out of an abundance of caution.

agreements, Defendants deny the same. See footnote 2.

61.

Defendants deny the allegations contained in paragraph 61 of the Complaint. See footnote 2.

62.

Defendants deny the allegations contained in paragraph 62 of the Complaint. See footnote 2.

63.

Defendants deny the allegations contained in paragraph 63 of the Complaint. See footnote 2.

64.

Defendants deny the allegations contained in paragraph 64 of the Complaint. See footnote 2.

## **COUNT IV**

65.

Defendants repeat and reallege paragraphs 1 through 64 of this Counterclaim as if fully set forth herein.

66.

Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.

Defendants deny each and every allegation of the Complaint not expressly admitted elsewhere herein.

## COUNTERCLAIM

COME NOW, Defendants and asserts the Counterclaim against Plaintiff and in support thereof, shows the Court as follows:

## INTRODUCTION AND STATEMENT OF JURISDICTION

1.

Plaintiff is subject to the jurisdiction and venue of this Court by virtue of filing the Complaint.

## STATEMENT OF FACTS

2.

CIP is a real estate investment manager and advisor with headquarters in New York City.

3.

CIP oversees a portfolio of millions of square feet of office, retail and industrial assets around the country, but does not own any of that real estate.

4.

Instead, CIP facilitates the acquisition of commercial properties by investors (the "TIC Investors") in a tenants in common format.

5.

CPS, which is wholly owned by CIP, manages many of the commercial properties for which CIP facilitates the acquisition by virtue of property specific management agreements with the TIC Investors or their agents.

6.

In several instances, CPS subcontracted it out its management and/or leasing responsibilities with respect to the properties to other property management companies.

7.

With respect to Ashtabula Mall in Ashtabula, Ohio, the North Park Mall in Marion Indiana, the Southland Mall in Marion Ohio, and the Village Shoppes at Creekside in Lawrenceville, Georgia, CPS subcontracted out its management and/or leasing duties to LaSalle pursuant to four separate Retail Management and Leasing Agreements (sometimes collectively the "RMLAs") dated between June 26, 2007 and August 24, 2007.  Copies of these RMLAs are attached to the Complaint as Exhibits A - E.

8.

In 2009, CPS terminated LaSalle's property management and leasing services as a result of LaSalle's poor performance and mismanagement of the properties.

9.

So bad was LaSalle's management of the Village at Creekside property in Gwinnett County that the property was lost in foreclosure.

10.

Similar problems plagued LaSalle's management of the other properties entrusted to it by CPS around the country.

11.

Recognizing and acknowledging these issues, in August of 2009 LaSalle agreed to the termination of its services and agreed to accept $400,000 in full and final resolution of its claimed outstanding fees, with the $400,000 to be paid out over time and with certain payments coming (solely) from certain properties formerly managed by LaSalle, but only to the extent that those properties generated revenues sufficient to make the payments.

12.

This arrangement is described in an August 28, 2009 email from Timothy Kroll, CIP's Chief Operating Officer to Greg Maloney of LaSalle, a copy of which is attached hereto as Exhibit "1".

13.

LaSalle's attempt to renegotiate/recharacterize this agreement via the Release it prepared (attached as Exhibit F to the Complaint) was unacceptable to Defendants, which is why Mr. Kroll never signed and returned it to LaSalle.

14.

Further, several of the properties that were scheduled to make payments under the understanding memorialized in Mr. Kroll's August 28th email never earned sufficient revenues to make those payments and were ultimately lost in foreclosure.

## **BREACH OF CONTRACT**

15.

By mismanaging the properties entrusted to it by CPS pursuant to the RMLAs, LaSalle breached those RMLAs and Defendants were damaged as a result in an amount to be proven at trial.

16.

Pursuant to the RMLAs, CPS is entitled to recover its attorney's incurred in this action.

WHEREFORE, Defendants prays of this Honorable Court as follows:

(a) That the Court dismiss the Complaint with prejudice, casting all costs against Plaintiff;

(b) For a judgment against Plaintiff and in favor of Defendants on the Counterclaim in an amount to be determined at trial;

(c) For such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted, this 9th day of July, 2012.

                BERMAN FINK VAN HORN P.C.

By: */s/ Charles H. Van Horn*
     Charles H. Van Horn, Esq.
     Georgia Bar No. 724710
     William J. Piercy
     Georgia Bar No. 579627
     cvanhorn@bfvlaw.com
     bpiercy@bfvlaw.com

3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia  30305
(404) 261-7711 (office)
(404) 233-1943 (facsimile)

COUNSEL FOR DEFENDANTS CABOT PROPERTIES SERVICES, LLC AND CABOT INVESTMENT SERVICES, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 9th, 2012, I filed electronically the foregoing AFFIRMATIVE DEFENSES, ANSWER AND COUNTERCLAIM with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> Jonathan D. Crumly, Esq.
> Maner Crumly Chambliss, LLP
> Vinings Square, Suite B-101
> 2900 Paces Ferry Road
> Atlanta, Georgia  30339
> ***Counsel for Plaintiff Jones Lang LaSalle Americas, Inc.***
>
> Gregory G. Schultz, Esq.
> Taylor English Duma, LLP
> 1600 Parkwood Circle, Suite 400
> Atlanta, Georgia  30339
> ***Counsel for Plaintiff Jones Lang LaSalle Americas, Inc.***

BERMAN FINK VAN HORN P.C.

By:   */s/ William J. Piercy*
      Charles H. Van Horn, Esq.
      Georgia Bar No. 724710
      William J. Piercy
      Georgia Bar No. 579627
      cvanhorn@bfvlaw.com
      bpiercy@bfvlaw.com

| | |
|---|---|
| 3475 Piedmont Road, N.E.<br>Suite 1100<br>Atlanta, Georgia  30305<br>(404) 261-7711 (office)<br>(404) 233-1943 (facsimile) | COUNSEL FOR DEFENDANTS<br>CABOT PROPERTIES SERVICES, LLC<br>AND CABOT INVESTMENT SERVICES, LLC |

461433